■ In the Matter of ECLYESTER BOWMAN, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated December 12, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for a special grant to replace furniture destroyed in a fire. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The State commissioner's determination is supported by substantial evidence. Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.

■ In the Matter of GILDA CENZANO, Petitioner, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated June 12, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency denying the petitioner's application for an additional fuel allowance. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent State commissioner for further proceedings consistent herewith. The evidence presented at the fair hearing substantiated petitioner's claim that her high fuel bills were due, at least in part, to exceptionally severe weather. Accordingly, petitioner met her burden of proving eligibility for an additional fuel allowance pursuant to 18 NYCRR 352.5(b), and the contrary conclusion of the respondent State commissioner is not supported by substantial evidence. The record reveals that petitioner's gas bills totaled $613.16 for the eight-month period beginning November 22, 1977. For that period, it may be estimated, based upon peitioner's past bills, that $133.60 of the total was attributable to fuel consumed for cooking and hot water, and the remainder, $479.56, was attributable to heating costs. Since $192 was previously paid to petitioner as her regular fuel allowance, petitioner is entitled to an additional fuel allowance in the amount of $287.56 ($479.56 less $192). Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.